UNITED STATES DISTRICT
COURT MIDDLE DISTRICT OF
FLORIDA TAMPA DIVISION

ALBERT P. MARSHALL,

      Plaintiff,

v.                        Case No. 8:18-cv-457-T-33CPT

LACEY M. MARSHALL, and
SAMANTHA R. MARSHALL,

      Defendants.

_____/

**<u>ORDER</u>**

This cause comes before the Court upon review of the file. For the reasons that follow, the Court remands this action to the Tenth Judicial Circuit, in and for Polk County, Florida pursuant to 28 U.S.C. § 1447(c) because this Court lacks subject matter jurisdiction.

**<u>Discussion</u>**

Federal courts are courts of limited jurisdiction and are "empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution." <u>Bochese v. Town of Ponce Inlet</u>, 405 F.3d 964, 974 (11th Cir. 1994). "[I]t is well settled that a federal court is obligated to inquire into subject matter

jurisdiction sua sponte whenever it may be lacking." <u>Univ. of</u>
<u>S. Ala. v. Am. Tobacco Co.</u>, 168 F.3d 405, 410 (11th Cir.
1999).

This case, which involves the alleged conversion of
funds and seeks a declaratory judgment that the change of
beneficiary designation on an investment account was
fraudulent, was removed to this Court for the first time on
January 24, 2018. <u>Marshall v. Marshall</u>, 8:18-cv-205-T-33CPT
at (Doc. # 1). Because the notice of removal argued the amount
in controversy was $100,000 while the Complaint stated the
damages were under $75,000, the Court gave the parties an
opportunity to provide more information on the amount in
controversy. <u>Id.</u> at (Doc. # 6). Rather than provide additional
information, the parties filed a notice stating that they
agreed the amount in controversy exceeded the jurisdictional
amount. <u>Id.</u> at (Doc. # 8). Because such stipulation did not
prove to a legal certainty that the claim exceeded $75,000,
the Court remanded the case on February 9, 2018. <u>Id.</u> at (Doc.
# 15)(citing <u>Burns v. Windsor Ins. Co.</u>, 31 F.3d 1092, 1095
(11th Cir. 1994)).

The case was removed again on February 26, 2018. (Doc.
# 1). "[A] party is not entitled, under existing laws, to
file a second petition for removal upon the same grounds,

where, upon the first removal by the same party, the federal court declined to proceed and remanded the suit." <u>Sibilia v. Makita Corp.</u>, 782 F. Supp. 2d 1329, 1330–31 (M.D. Fla. 2010). "But this language does not prevent successive removals provided that the subsequent removal petition alleges a different factual basis for seeking removal and otherwise meets the requirements of section 1446(b)." <u>Id.</u> Under 28 U.S.C. § 1446(b)(3), "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

Here, no amended complaint, upon which a second removal could be based, was filed. The operative Complaint still states that damages are "in excess of $15,000.00 but less than $75,000.00." (Doc. # 2 at 1). Therefore, Defendants must prove to a legal certainty that the claim exceeds $75,000, using "other paper" to support that the case has become removable. <u>Burns</u>, 31 F.3d at 1095. "This 'strict standard' imposes a 'heavy' burden of proof." <u>Cowan v. Outpatient Partners, Inc.</u>, No. 6:04-cv-28-Orl-22JGG, 2004 WL 1084160, at *6 (M.D. Fla. Mar. 31, 2004).

Defendants argue that the amount in controversy exceeds $75,000 — a claim they support with the prior stipulation to jurisdiction and an email from Plaintiff's counsel dated January 30, 2018, in which counsel described changes that would be made in an amended complaint. (Doc. # 1 at 3-5; Doc. # 1-2; Doc. # 1-7). The proposed changes for an amended complaint included deleting the "but less than $75,000.00" language and changing the date in a few paragraphs from "March 17, 2016 to March 17, 2011" to clarify that the declaratory judgment sought would declare an earlier change of beneficiary fraudulent. (Doc. # 1-7). As in the previous federal case, Defendants maintain that the Complaint alleges an earlier 2011 change of beneficiary was fraudulent, which would render the amount in controversy over $75,000. However, the Complaint as written seeks a declaration only that a transfer in 2016 be declared fraudulent, such that the amount in controversy would not exceed $75,000.

But, despite counsel's email indicating changes Plaintiff would make, Plaintiff never filed an amended complaint, let alone an amended complaint increasing the alleged amount in controversy or clarifying the years of alleged fraud. The Court is not convinced that an email of counsel — indicating intended amendments that Plaintiff

4

ultimately chose not to make — proves that the amount in controversy exceeds \$75,000. Furthermore, although Defendants highlight the stipulation filed during the previous removed case, such bald stipulation to jurisdiction is not effective. See W. Peninsular Title Co. v. Palm Beach Cty., 41 F.3d 1490, 1492 n.4 (11th Cir. 1995)(stating that "[p]arties may not stipulate jurisdiction" but may stipulate "facts [that] give rise to jurisdiction"). And Defendants have not provided other facts, such as documentary evidence, answers to interrogatories, or requests for admission, establishing that Plaintiff seeks over \$75,000 in damages.

Plaintiff remains the "master of his own claim," and he chose not to amend his Complaint, which clearly alleges the amount in controversy does not exceed the jurisdictional threshold. Burns, 31 F.3d at 1095. The stipulation and counsel's email attached to the Notice of Removal do not convince the Court otherwise. Therefore, the Court concludes that the amount in controversy requirement is not met, and remand to state court is appropriate.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The Clerk is directed to **REMAND** this case, pursuant to 28 U.S.C. § 1447(c), to the Tenth Judicial Circuit, in and for Polk County, Florida.

(2) The Clerk is further directed to terminate any previously scheduled deadlines and motions, and thereafter **CLOSE THIS CASE.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 20th day of March, 2017.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE